UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LOUIS "BOY" WINTERS, | Civil No. 11-2625 (MJD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT FISCHER, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Louis "Boy" Winters for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff, prisoner at the Federal Correctional Institution in Sandstone, Minnesota, filed an anomalous self-styled pleading entitled "Consolidated Complaint & Verification." (Docket No. 1.) This pleading and its supporting submissions are incomprehensible. It is clear, however, that Plaintiff believes that he is wrongly incarcerated, and he is seeking a judgment nullifying the federal criminal conviction for which he is presently imprisoned.

The United States District Court for the District of South Dakota sentenced Plaintiff to 313 months in prison in 2004. Plaintiff plead guilty federal controlled substance and firearm offenses. *United States v. Winters*, 411 F.3d 967 (8th Cir. 2005), *cert. denied*, 546 U.S. 1194 (2006).

Plaintiff's conviction and sentence were affirmed.

In 2009, Plaintiff filed a 28 U.S.C. § 2241 habeas petition challenging his conviction and sentence. *Winters v. Fischer*, Civil No. 09-3312 (MJD/SRN), [hereafter "*Winters I*"].  That case was summarily dismissed for lack of jurisdiction because Plaintiff's only available remedy for seeking collateral relief from his conviction and sentence was a motion filed in the trial court pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(e); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").  The Eighth Circuit Court of Appeals affirmed that summary dismissal and Plaintiff's subsequent petition for a writ of certiorari was denied  (*Winters I*, [Docket Nos. 14 and 18].)

Now, once again, Plaintiff is trying to collaterally attack his 2004 federal criminal conviction and sentence.  His current pleading cites three basis for this action: (1) the declaratory judgment statute, 28 U.S.C. § 2201; (2) the federal habeas corpus statute, 28 U.S.C. § 2241; and (3) Fed. R. Civ. P. 60(b).[1]  For the reasons discussed below, this Court recommends that these grounds are not supported legally.

## II. DISCUSSION

It is well-settled that a federal prisoner cannot seek relief from a judgment entered against him in a federal criminal case pursuant to a declaratory judgment action.  "[T]he Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 'does not provide a means whereby previous judgments by ... federal courts may be reexamined, nor is it a substitute for ... post conviction remedies'."  *Hugley*.

---

[1] Some of Plaintiff's submissions also cite 28 U.S.C. § 1391, but that statute merely prescribes the proper venue for a federal case; it does not provide an independent basis for any federal cause of action.

*v. Rios*, No. CIV-10-336-D (W.D.Okla. 2001), 2010 WL 2610664 at *4, quoting *Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir.1966) (*per curiam*). *See also Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966) ("we are unaware of any authority which would permit the federal declaratory judgment statute, 28 U.S.C.A § 2201... to be used as a post-conviction remedy"), *cert. denied*, 386 U.S. 913 (1967); *United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) ("the Declaratory Judgment Act is not a substitute for a § 2255 motion to correct a sentence"); *Abdel-Whab v. United States*, 175 Fed.Appx. 528, (3rd Cir. 2006) (unpublished opinion) ("the Declaratory Judgment Act cannot operate as a substitute or alternative remedial basis to 28 U.S.C. § 2255").  Thus, Plaintiff has failed to plead an actionable claim for relief.  His conviction and sentence are simply not reviewable under the declaratory judgment statute.

Plaintiff is also prohibited from challenging his 2004 federal criminal conviction and sentence by means of a § 2241 habeas corpus petition, for the reasons explained in *Winters I*.  The basis for that prohibition are outlined in the Report and Recommendation entered previously.(*Winters I*, [Docket No. 3].)

Finally, Plaintiff cannot be granted relief under Fed. R. Civ. P. 60(b).  Rule 60(b) authorizes a civil litigant to file **a motion** seeking relief from a judgment that has been entered in a federal **civil** case.[2]  Rule 60(b) is not applicable here, because Plaintiff is seeking relief from a judgment in a

---

[2] Fed. R. Civ. P. 60(b) provides as follows:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier

**criminal** case, that was not entered in this District, but in the District of South Dakota.

A liberal construction of Plaintiff's submission may suggest that he is seeking Rule 60(b) relief from the judgment entered against him in *Winters I*. Plaintiff has not actually filed a Rule 60(b) motion in *Winters I*, however, but rather, he has initiated an entirely new action. Furthermore, Plaintiff fails to identify any viable grounds for granting him any relief under Rule 60(b).[3]

In any event, Plaintiff's Rule 60(b) challenge is too late. Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made **within a reasonable time** – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." (Emphasis added.) What constitutes "a reasonable time" for purposes of Rule 60(b) depends on the circumstances surrounding the motion. *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004). In this case, whatever grounds Plaintiff might have for seeking relief from the judgment in *Winters I* were known to him two years ago when that judgment was entered. If Plaintiff is now seeking relief from the *Winters I* judgment under Rule 60(b), then that relief is not being sought "within a reasonable time." *See Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (*per curiam*) (habeas petitioner's 26-month delay in bringing Rule 60(b) motion was "a period of time which constitutes a patently unreasonable delay absent mitigating circumstances"), *cert. denied*, 535 U.S. 932 (2002). If Plaintiff believes that the judgment in that case should be set aside pursuant to Rule 60(b), then

---

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief."

[3] Plaintiff's submissions include vague references to a "void" judgment, which supposedly should be set aside pursuant to Rule 60(b)(4). However, Plaintiff seems to be alluding to the judgment entered in his South Dakota criminal case, not the judgment entered in *Winters I*.

he should have filed a Rule 60(b) motion **in Winters I** long ago. Thus, the Court concludes that Plaintiff's pleading cannot be entertained under Rule 60(b).

### III. CONCLUSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a pleading that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). In this case, the Court finds Plaintiff failed to plead any cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED**.

---

[4] For filing fee purposes, the Court will assume that Plaintiff is presently seeking relief under the federal habeas corpus statute, 28 U.S.C. § 2241. With the benefit of that assumption, Plaintiff can be excused from the filing fee requirements prescribed by the Prison Litigation Reform Act, ("PLRA"). *See* 28 U.S.C. § 1915(b) (establishing filing fee payment requirements for prisoner IFP applicants); *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001) ("the PLRA's filing-fee provisions are inapplicable to habeas corpus actions"), *cert. denied*, 537 U.S. 847 (2002). The Court notes, however, that Plaintiff seems to think he is wholly exempt from the PLRA filing fee rules, simply because of his subjective belief that he is wrongly imprisoned. He contends that "[t]here is no authority to base application of PLRA status to a person who is one not actually confined under the laws, treaties, and/constitution of the Nation United States and who is actually asserting beyond rebuttal being confined in an act of violation of the supreme law of the land." (Plaintiff's "Memorandum Brief in Support of and Petitioners Motion for Non-PLRA Waiver of Costs and Fees," [Docket No. 4], p. 5.) That argument must be rejected. A person who is in prison cannot be excused from the PLRA, simply by claiming that his imprisonment is illegal or unconstitutional. Until Plaintiff is actually released from prison, he will be treated as a "prisoner" for purposes of the PLRA. *See* 28 U.S.C. § 1915(h).

Dated: October 26, 2011

                 *s/Steven E. Rau*
                 STEVEN E. RAU
                 United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 9, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.